UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE PROPECIA (FINASTERIDE) PRODUCT LIABILITY LITIGATION | Master File No.: 12-md-2331 (BMC)(PK) |
| THIS DOCUMENT APPLIES TO: | Case No.: 1:12-cv-01876 (BMC)(PK) |
| PAUL DAWSON, Plaintiff, v. MERCK & CO., INC. and MERCK SHARP & DOHME CORP., Defendants. | **STIPULATION OF VOLUNTARY DISMISSAL OF CERTAIN CLAIMS IN PLAINTIFF'S COMPLAINT** |

Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii),[1] the parties hereby stipulate and agree to dismissal with prejudice of the following claims asserted in Plaintiff Paul Dawson's Complaint (ECF No. 1):

---

[1] The parties acknowledge that Rule 41(a)(1) provides for a plaintiff to dismiss an *action*, as opposed to certain *claims* as proposed in this stipulation. The parties further acknowledge that the Second Circuit has not affirmatively decided whether some, but not all, claims may be voluntarily dismissed under Rule 41(a)(1)(ii)—or whether the parties must instead utilize Rule 15(a)(2), which allows a party to amend its pleading with the opposing party's written consent or the Court's leave. As one district court has recently stated,

> Although some decisions within this Circuit suggest that Rule 41(a) may only be employed to dismiss an 'entire controversy,' *Harvey Aluminum, Inc. v. Am.Cyanamid Co.*, 203 F.2d 105, 108 (2d Cir. 1953), more recent cases make clear that Rule 41 (a) 'permit[s] the withdrawal of individual claims,' *Azkour v. Haouzi*, No. 11-cv-5780 (RJS) (KNF), 2013 WL 3972462, at *3 (S.D.N.Y. Aug. 1, 2013) (collecting cases); *see also Wakefield v. N. Telecom. Inc.*, 769 F.2d 109, 114 n.4 (2d Cir. 1985) (suggesting that *Harvey Aluminum* is mere dicta).

*Nix v. Office of Comm'r of Baseball*, No. 17-CV-1241 (RJS), 2017 WL 2889503, at *3 (S.D.N.Y. July 6, 2017) (approving of the plaintiff's use of Rule 41(a) to dismiss a single claim in the complaint). Here, the parties respectfully request that the Court permit voluntary dismissal of the identified claims through this stipulation.

**Count One: Product Liability (Compl. ¶¶48-67):** Plaintiff agrees to dismiss with prejudice all claims of strict liability and/or negligence which are premised on any allegation other than inadequate labeling, including but not limited to a defect in design or manufacture.

**Count Two: Breach of Implied Warranty (Compl. ¶¶68-73):** Plaintiff agrees to dismiss with prejudice all claims premised on an allegation of breach of implied warranty.

**Count Three: Intentional Misrepresentation (Compl. ¶¶74-86):** Plaintiff agrees to dismiss with prejudice all claims of intentional misrepresentation.

**Count Four: Negligent Misrepresentation (Compl. ¶¶87-97):** Plaintiff agrees to dismiss with prejudice all claims of negligent misrepresentation.

**Count Five: Washington Unfair Business Practices/Consumer Protection Act (Compl. ¶¶98-112):** Plaintiff agrees to dismiss with prejudice all claims under the Washington Consumer Protection Act.

**Count Six: Unjust Enrichment (Compl. ¶¶113-116):** Plaintiff agrees to dismiss with prejudice all claims for unjust enrichment.

Each party agrees to bear its own costs with respect to the claims dismissed above. Defendants reserve all rights to seek dismissal of all remaining claims and requests for relief asserted in Plaintiff's Complaint.

Dated: November 17, 2017

| | |
|---|---|
| */s/ Theodore E Laszlo, Jr.* | */s/ Charles P. Morrow* |
| Theodore E Laszlo, Jr.<br>tlaszlo@laszlolaw.com<br>Laszlo & Associates, LLC<br>2595 Canyon Blvd., Ste. 210<br>Boulder, CO 80302<br>(303) 926-0410<br><br>*Counsel for Plaintiff* | Charles F. Morrow<br>Chip.Morrow@butlersnow.com<br>BUTLER SNOW LLP<br>6075 Poplar Avenue Suite 500<br>Memphis, TN 38119<br>(901) 680-7200<br>*Counsel for Merck & Co., Inc.<br>and Merck Sharp & Dohme Corp.* |