UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE PROPECIA (FINASTERIDE) PRODUCT LIABILITY LITIGATION | Master File No.: 12-md-2331 (BMC)(PK) |
| PAUL DAWSON, <br> Plaintiff, <br><br> v. <br><br> MERCK & CO., INC. and MERCK SHARP & DOHME CORP., <br> Defendants. | **DEFENDANTS' LOCAL RULE 56.1 STATEMENT OF UNDISPUTED MATERIAL FACTS** <br><br> No. 1:12-cv-01876-BMC-PK |

Pursuant to Local Rule 56.1 of the Local Civil Rules of this Court, Defendants submit the following statement of material facts as to which they contend that there is no genuine issue to be tried:

**A.  Facts relevant to choice of law for substantive claim.**

1.  Mr. Dawson is a citizen of Washington and a resident of Vancouver, Washington. Complaint and Jury Demand (8/8/12) ("Compl."), Doc. No. 1 at ¶ 1; Ex. 1, Paul Dawson Deposition (8/12/16) ("Dawson Dep.") at 7:13-20.[1]

2.  Mr. Dawson was prescribed Propecia for treatment of hair loss by Dr. Theresa Mah, a board-certified dermatologist located in Vancouver, Washington. Ex. 2, Amended Plaintiff Profile Form ("Am. PPF") at VII(2); Ex. 3, Theresa Mah, M.D. Deposition (9/7/16) ("Mah Dep.") at 5:20-22; 6:16-19.

---

[1] In this 56.1 statement, all references to "Ex." are to the exhibits annexed to the Declaration of Charles F. Morrow in Support of Defendants' Motion for Summary Judgment, dated November 27, 2017 ("Morrow Decl.").

3. Mr. Dawson purchased Propecia from Walgreens Pharmacy in Vancouver, Washington. Ex. 2, Am. PPF at VII(2).

4. Mr. Dawson claims that his use of Propecia caused erectile dysfunction, testicular pain, decreased libido, reduced sexual sensation and decreased semen output, as well as depression, anxiety and emotional distress. Ex. 2, Am. PPF at II(A)(1), II(B)(1).

5. Mr. Dawson's alleged injury was diagnosed in Vancouver, Washington. Ex. 2, Am. PPF at II(A)(4).

6. This case was initially filed in the Western District of Washington and was subsequently transferred to the JPML. Compl., Doc. 1; Transfer Order (4/17/12), Doc. No. 11.

**B.  Facts relevant to choice of law on punitive damage claim.**

7. Merck & Co. and Merck Sharp & Dohme Corp. are both incorporated under the laws of the state of New Jersey and have their principal places of business in New Jersey. Compl. at ¶¶2, 3.

8. Propecia was approved by the FDA for use in the treatment of male pattern hair loss in December, 1997. Compl. at ¶6.

9. Decisions related to the labeling and marketing of Propecia were made in the state of New Jersey. Ex. 4, Charlotte Merritt Curriculum Vitae at 1 (noting Merck's location as Rahway, New Jersey); Ex. 5, Charlotte Merritt Deposition (5/19/16) at 15:15–16:13 (planning and development of Propecia at Merck in New Jersey); at 19:6-20 (overview of responsibilities at Merck related to Propecia); at 21:9-22:22 (discussing participation in development planning for Propecia); at 28:5-29:9 (discussing role in Propecia labeling); at 46:11-20 (noting Regulatory Affairs department at Merck was responsible for labeling decisions).[2]

---

[2] While these documents were designated confidential, Defendants have determined that, as to these excerpted portions only, they need not remain under seal here. Defendants do not waive the

2

### C. Facts relevant to statute of limitations and remaining claims.

10. Mr. Dawson was prescribed Propecia on February 13, 2008, by Dr. Mah. Ex. 3, Mah Dep. at 17:1-15.

11. Mr. Dawson took Propecia from February, 2008 to no later than June, 2008. Ex. 2, Am. PPF at VII(2); Ex. 1, Dawson Dep. at 159:13-17.

12. Mr. Dawson began to experience side effects, including erectile dysfunction, within a few days of beginning to take Propecia in February, 2008. Ex. 1, Dawson Dep. at 104:5-13.

13. Mr. Dawson became concerned when the sexual side effects did not resolve within a few days of stopping Propecia, and was further concerned when the symptoms did not resolve within a week or two after stopping Propecia in June, 2008. Ex. 1, Dawson Dep. at 110:19-22.

14. Mr. Dawson researched his symptoms online at PropeciaHelp.com within one to two weeks after stopping Propecia in June, 2008. Ex. 1, Dawson Dep. at 111:10-12.

15. When researching PropeciaHelp.com within a week or two of stopping Propecia in June, 2008, Mr. Dawson learned that other people were complaining that their side effect symptoms from Propecia were not resolving after they stopped Propecia. Ex. 1, Dawson Dep. at 110:22-24.

16. In reviewing the testimonials on PropeciaHelp.com. Mr. Dawson learned that others were complaining that their side effects continued after consuming Propecia. Ex. 1, Dawson Dep. at 199:16-20.

---

confidentiality of other portions of Ms. Merritt's deposition, as determinations of confidentiality must be made on a case-by-case basis.

17. Mr. Dawson's symptoms of reduced ambition, reduced motivation, and reduced energy all allegedly began within one week of stopping Propecia. Ex. 1, Dawson Dep. at 111:19–112:15.

18. Mr. Dawson advised Dr. Mah that he discontinued Propecia after taking it for three months because of the side effects. Ex. 1, Dawson Dep. at 195:15-23.

19. Mr. Dawson advised Dr. Mah on August 18, 2008, that he experienced decreased libido, impotence, depression and anxiety, which caused him to discontinue Propecia in June, 2008. Ex. 1, Dawson Dep. at 196:1-6.

20. Mr. Dawson believed that his injuries were serious "after a few days" of stopping Propecia in June, 2008. Ex. 1, Dawson Dep. at 198:2-6.

21. Mr. Dawson believed that Propecia caused him permanent damage before he saw Dr. Mah on August 18, 2008. Ex. 1, Dawson Dep. at 197:3-19.

Dated: Memphis, Tennessee
November 27, 2017

Respectfully submitted,

/s/ Charles F. Morrow
Charles F. Morrow, Esq.
BUTLER SNOW LLP
Crescent Center
6075 Poplar Avenue, Suite 500
Memphis, TN 38119
Telephone: (901) 680-7200
Facsimile: (901) 680-7201
Email: chip.morrow@butlersnow.com

Matthew T. McLaughlin, Esq.
Michael A. Guerra, Esq.
VENABLE LLP
Rockefeller Center
1270 Avenue of the Americas, 25th Floor
New York, NY 10020

>Telephone: (212) 307-5500
>Facsimile: (212) 307-5598
>Email: mtmclaughlin@venable.com
>Email: maguerra@venable.com
>
>***Attorneys for Defendants Merck & Co., Inc. and Merck Sharp & Dohme Corp.***

## CERTIFICATE OF SERVICE

I, Charles F. Morrow, one of the attorneys for Merck & Co., Inc. and Merck Sharp & Dohme Corp. do hereby certify that I have this day caused the foregoing to be electronically filed with the Clerk of the Court using the ECF system which sent notification of such filing to all registered attorneys.

SO CERTIFIED this, the 27th day of November, 2017.

>*s/ Charles F. Morrow*
>Charles F. Morrow