

21st Floor
1251 Avenue of the Americas
New York, NY 10020-1104

**Katherine M. Bolger**
212.402.4068 tel
212.489.8340 fax

katebolger@dwt.com

February 28, 2020

By ECF

Hon. Peggy Kuo
United States District Court
225 Cadman Plaza East
Brooklyn, NY 11201

     Re:     *Dawson v. Merck,* No.: 1:12-cv-01876 (BMC)(PK)

Dear Magistrate Judge Kuo:

     We represent Reuters America LLC ("Reuters") in the above-referenced action. Dan Levine, the author of the articles relevant to Reuters' Motion, would like to attend the oral argument scheduled for March 26, 2020. He is, however, unable to travel to New York for the hearing. Accordingly, Reuters requests permission for Mr. Levine to listen to the arguments telephonically through the same dial-in procedure that the Court has provided for Plaintiff's counsel, Mr. Laszlo.

     We have raised this request to counsel for all parties. Mr. Laszlo has indicated that if Mr. Levine intends to report on the hearing, he objects to Mr. Levine's presence due to "confidential matters involving Mr. Dawson." As an initial matter, we have already indicated in our Reply that Reuters does not seek any of Mr. Dawson's health records or other personal information, and therefore would not expect these issues to be raised at the hearing. Further, we have informed Mr. Lazlo that—consistent with the First Amendment—hearings are presumptively open to the public and the media, and in order to close a hearing, the court would have to hold a separate, initial hearing to determine that the constitutional presumption of access is overcome. *See Globe Newspapers Co. v. Superior Ct.*, 457 U.S. 596, 609 n.25 ("Representatives of the press . . . must be given an opportunity to be heard on the question of their exclusion."). No party has requested such an initial hearing in this case, and none is necessary. The hearing scheduled for March 26 should therefore remain open to the public and media regardless of whether Reuters or any other media organization later chooses to report on it. Even more fundamentally, Mr. Levine is a representative of Reuters, the party making the motion to unseal in this case. Accepting Mr. Laszlo's suggestion to exclude the media would preclude Mr. Levine from hearing arguments on the motion that he has brought. Nevertheless, we informed Mr. Laszlo that we would include his objections in this letter.

     Separately, Merck's counsel, Mr. Morrow, stated that he cannot comment on Reuters' request until this letter is filed with the Court. He, therefore, reserved his right to respond to this letter.

Anchorage  New York  Seattle
Bellevue  Portland  Shanghai
Los Angeles  San Francisco  Washington, D.C.

www.dwt.com

      In sum, Reuters respectfully requests that—consistent with the constitutional presumption of openness—Your Honor allow Mr. Levine to attend the March 26 conference via telephone.

      Thank you for your consideration.

                                       Respectfully Submitted,

                                       Davis Wright Tremaine LLP

                                       Katherine M. Bolger

cc: All counsel of record via ECF