UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: PROPECIA (FINASTERIDE) PRODUCTS LIABILITY LITIGATION | Master File No.: 1:12-md-02331 (BMC)(PK) MDL No. 2331 |
| This Document Relates to: | Case No.: 1:12-cv-01876 (BMC)(PK) |
| PAUL DAWSON, Plaintiff, v. MERCK & CO., INC., and MERCK SHARP & DOHME COPR., Defendants. | |

**DECLARATION OF TIMOTHY J. BECKER**

COMES NOW YOUR DECLARANT, who states and deposes as follows:

1. I am duly authorized to practice law and one of the founding partners of Johnson Becker, PLLC. I was appointed by this Court to serve as one of five members of the Plaintiffs' Executive Committee ("PEC") in the above-captioned multi-district litigation. Pursuant to the Court's Order appointing the PEC, the Court tasked the PEC with responsibility for overseeing document production, depositions and motion practice.

2. During the course of the litigation, the PEC engaged in a long arms-length negotiation with Defendant over the scope of Procedure and Practice Order Number 3 ("the Protective Order"). At all times the PEC took the position that the use of confidential designations and redactions should be narrowly tailored to fit within the legal definition of confidential materials. Evidencing this, on August 30, 2012 the PEC moved this Court to preclude Defendant from internally redacting otherwise relevant documents. *See Memorandum in Support of Plaintiffs' Proposed Protective Order*,

Dkt. No. 8 (Case No. 1:12-cv-03983). Ultimately, the Court entered the Protective Order on May 3, 2013 granting the PEC's request. *See* Dkt. No. 95 .

3. Pursuant to Paragraph 9, the Protective Order entitled the PEC to seek an Order from this Court declassifying any confidential designation that, "the non-producing part disagree[d] with . . . ." *See Protective Order*, Dkt. No. 95, ¶ 9(b). This included so-called "over designation" by Defendant.

4. Throughout the course of the litigation, Merck produced hundreds of thousands of documents pursuant to the terms and conditions of the Protective Order. The PEC conducted an exhaustive review of the documents in preparation for depositions and motion practice. Many documents were marked Confidential and some were not. Notwithstanding the fact the PEC conducted an exhaustive review of the documents, it never chose to make a motion with this Court challenging Merck's classification pursuant to Paragraph 9 of the Protective Order.

5. Pursuant to the terms and conditions of the Protective Order and Master Settlement Agreement, this Firm no longer possesses the universe of documents produced by Defendant. However, to the best of my recollection, the documents produced by Defendant were properly designated within the Protective Order's scope.

Date: April 3, 2020

Respectfully submitted,

/s/ Timothy J. Becker
Timothy J. Becker, Esq.
Johnson Becker, PLLC
444 Cedar St., Suite 1800
St. Paul, MN 55101
Phone: (612) 333-4662
Fax: (612) 339-8168
Email: tbecker@johnsonbecker.com

## CERTIFICATE OF SERVICE

  I, Timothy J. Becker, attorney for Plaintiff, do hereby certify that I have this day caused the foregoing to be electronically filed with the Clerk of the Court using the ECF system which sent notification of such filing to all registered attorneys.

  SO CERTIFIED this, the 3rd day of April, 2020.

                   */s/ Timothy J. Becker*
                   Timothy J. Becker