

21st Floor
1251 Avenue of the Americas
New York, NY 10020-1104

**Katherine M. Bolger**
212.402.4068 tel
212.489.8340 fax

katebolger@dwt.com

June 8, 2020

**By ECF**
Hon. Peggy Kuo
United States District Court
225 Cadman Plaza East
Brooklyn, NY 11201

        Re:       *Dawson v. Merck*, No.: 1:12-cv-01876 (BMC)(PK)

Dear Magistrate Judge Kuo:

       We write in response to Defendants' Revised Supplemental Brief as to Why Certain Documents Should Remain Under Seal. *See* ECF No. 138.

       As Your Honor is aware, on April 9, 2020, the Court heard oral arguments on Reuters' motion to unseal the documents attached to Plaintiff's Opposition to Defendants' *Daubert* Motion. *See* ECF No. 115. At the end of this hearing, the Court ordered Defendants' counsel to file an explanation of "what [the sealed] documents are" and the "specific reasons that [Defendants] sought to have [them] under seal." *See* 4/9/20 Hearing Tr. at 60. The Court ordered that Defendants' counsel could initially file this document under seal, and the Court would later release the document to the public docket. *See id.* at 62.

       On May 8, 2020, Defendants' counsel submitted a supplemental brief as to why the documents should remain under seal, which the Court rejected based on Defendants' extensive proposed redactions. *See* ECF No. 137. On May 22, 2020, Defendants filed an amended brief for the Court's review, which was accepted on May 29, 2020. *See* ECF No. 138. The Court unsealed this briefing on Wednesday, June 3, 2020. At this point, Reuters learned for the first time that Defendants used their sealed papers not only to apprise the Court of the reasons that the documents should remain under seal but also to re-litigate the issues previously addressed in their briefing and during the April 9, 2020 oral argument. *See* ECF No. 138-4 at 1-6.

       Defendants already had a full and fair opportunity to present their position to the Court, and Reuters, therefore, requests that the Court ignore Defendants' improper sur-reply. Should the Court choose to review this section of Defendants' brief, however, Reuters refers the Court back to the arguments made in its unsealing briefing. *See* ECF Nos. 121, 124, and 132. In particular, Reuters notes that despite now presenting their argument for a ***fourth*** time, Defendants still fail to grapple with the binding Second Circuit precedent that clearly establishes that the documents at issue in this case are judicial documents to which the First Amendment presumption of access applies. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 123 (2d Cir. 2006) (holding that "by virtue of having been submitted to the court as supporting material in connection with a motion for summary judgment," the documents are "unquestionable judicial documents" at the time they

DWT.COM

Anchorage | Bellevue | Los Angeles | New York
Portland | San Francisco | Seattle | Washington, D.C.

are filed); *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 140 (2d Cir. 2016) (holding that "[t]he fact that a suit is ultimately settled without a judgment on the merits does not impair the 'judicial record' status" of the filings in that action). And Defendants continue to ignore that the sealed documents in this case were explicitly incorporated by reference into Plaintiff's motion for summary judgment, meaning the presumption of access is at its highest. *See Lugosch*, 435 F.3d at 123.

In addition, Defendants' submission confirms what Reuters has been arguing all along—the documents that remain under seal directly relate to the issues at the heart of this case, namely if and when Merck knew about the potential side effects of Propecia. *See, e.g.* ECF No. 115-5 (email attaching a report detailing potential risks associated with Propecia); ECF No. 115-7 (marketing report explaining how "additional clinical trials should be conducted in view of . . . potential drug interactions and adverse reactions"); ECF No.115-28 (email attaching document titled "Persistent Sexual Dysfunction DRAFT"); *cf. Under Seal v. Under Seal*, 273 F. Supp. 3d 460, 472 (S.D.N.Y. 2017) ("The details of the working relationship and arrangement between the parties lie at the very heart of the litigation. If the public is to understand the nature of the dispute and the reasons for the court's rulings, access to the judicial documents is essential."). Defendants argue that these relevant documents should remain under seal because they contain "proprietary" or "confidential business" information. As Reuters has already explained, however, "an assertion of confidential business information, without more, will not merit trade secret protection." *Nycomed US, Inc. v. Glenmark Generics, Inc.*, 2010 WL 889799, at *6 (E.D.N.Y. Mar. 8, 2010); *King Pharm., Inc. v. Eon Labs, Inc.*, 2010 WL 3924689 (E.D.N.Y. Sept. 28, 2010) ("That these excerpts may provide insight into [defendant's] internal decision-making does not explain how competitors can obtain economic value from this information."). Indeed, as the Second Circuit explained in *Lugosch*, "the natural desire of parties to shield prejudicial information contained in judicial records from competitors and the public . . . cannot be accommodated by the courts without seriously undermining the tradition of an open judicial system." 435 F.3d at 123 n.5 (quoting *Brown & Williamson Tobacco v. Fed. Trade Comm'n*, 710 F.2d 1165, 1180 (6th Cir. 1983)). Defendants' generic assertion of business harm—which is particularly dubious in the context of two-decade-old marketing reports and memoranda—cannot override the public's First Amendment presumption of access to these documents.

For these reasons, Reuters requests that this Court reject Defendants' arguments and unseal the sealed documents.

Respectfully,

Davis Wright Tremaine LLP

Katherine M. Bolger